ANTHONY M. ARTERO, Plaintiff

v.

RUSSELL PECKENS, et. al., Defendants

Civil No. 974-79
Superior Court of Guam
January 16, 1980

- - - - -

- - - - -

WEEKS, Judge

## DECISION
### FINDINGS OF FACT AND CONCLUSIONS OF LAW

PARTIES: Plaintiff is a nonprobationary, nontenured employee of the University of Guam and is classified as an "academic" employee of the University under the Unversity of Guam Federation of Teachers-Board of Regents contract.

Defendant Peckens is the acting president of the University, defendant Carter is the president of the University. Defendant University of Guam is the instrumentality under the laws of Guam responsible for administration of the University facilities in Mangilao, Guam.

JURISDICTION: Jurisdiction of this Court is invoked pursuant to Section 82 of the Code of Civil Procedure of Guam and injunctive relief is sought pursuant to Rule 65 of the Guam Rule of Civil Procedure.

BACKGROUND: In September 1979, plaintiff left Guam on study leave to attend Washington State University. On 28 September, he withdrew from the University course. He asserts that program was not the one he intended to enter. The University asserts (Exhibit A to their brief) that he was specifically instructed to remain. On 20 of October a notice of proposed adverse action was issued indicating that the University intended to dismiss him as an employee for "gross insubordination" and inviting him to submit an answer to the notice within 20 days, either in person or in writing and also affidavits, if he wished. He was simultaneously suspended.

On 5 December, plaintiff filed this action alleging that for the University to go forward in this manner was a violation of his right to due process. Plaintiff seeks a declaratory judgement regarding the parties' rights and enjoining of further action by the University until rules of procedure for such a dismissal action are promulgated.

Defendant alleges that due process is met by the present notice with opportunity to respond (Exhibit A) and that in any event an employee in plaintiff's category may be dismissed summarily.

The traditional guidelines to injunctive relief are:

1) the significance of the threat of irreparable harm to plaintiff if the injunction is not granted.

2) the state of the balance between this harm and the injury that granting the injunction would inflict on defendant.

3) the probability that plaintiff will succeed on the merits.

4) the public interest[1].

Firstly, the Court rejects defendant's argument that the plaintiff's application for injunctive relief is premature; although indeed the decision to terminate has not been made as of this date, the wording of the Notice of Proposed Adverse Action indicates a reasonable probability that the plaintiff will be fired. The very purpose of an injunction is to prevent a threatened action.

Considering defendant's response to the application in the order given, the first argument is based on the premise that an untenured employee can be summarily fired. In support of this, defendant cites Board of Regents of State College v. Roth, 92 S. Ct. 2701.

That case however differs from the fact situation before us. Roth dealt with the nonhiring of a nontenured employee for a subsequent year. As pointed out in Burdeau v. Trustee of California State Colleges, 507 F.2d 770, 773, citing Roth, releasing someone for named charges even if they are not criminal charges, is indeed a different situation from a mere failure to renew a contract. "Where a person's good name,

reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential" Wisconsin v. Constantineau, 91 S. Ct. 507 (1971).

The Court next considers what the plaintiff has available to him as a hearing and whether it fulfills due process requirements.

Executive Order 72-19 sets out as policy the Rules and Regulations Relative to Demotion, Suspension, Dismissal and Appeal of such Adverse Actions.

Plaintiff's counsel has asserted orally and in his answering memorandum that the Rules and Regulations of Executive Order 72-19 are not mandated for the University but says that the defendant's acknowledgment of the rules as the procedural guidelines for the hearing would safeguard his client.

In response to a query of plaintiff as to whether the University had adopted Executive Order 72-19, counsel for the Board of Regents said, quoting from Rule XIV of Government of Guam Rules and Regulations which it is undisputed have been adopted by the Board of Regents as their interim operating rules under §11841 of its enabling legislation:

> "MR. RODGERS: It says in Rule 14, "Pursuant to--" Excuse me, "The right to appeal to the Civil Service Commission as provided in the Civil Service Rules and Regulations relative to demotions, suspensions, dismissals--" and so forth. By adopting these rules and regulations, it certainly has adopted the Civil Service rules regarding demotions, dismissals and so forth."

The Court accepts defendant's assertion that these Rules and Regulations of Executive Order 72-19 are procedural safeguards available to plaintiff.

This Court has jurisdiction over the subject matter and the parties.

There is no evidence that summary dismissal of plaintiff is being considered.

Counsel for defendant has represented to Court that the very procedure that plaintiff wished is integrated into the rules governing a hearing.

The foregoing constitute Finding of Facts and Conclusions of Law pursuant to Rule 52(a), Rules of Civil Procedure for the Superior Court of Guam.

The requested Rules being used, there is no danger of irreparable injury to plaintiff, therefore the request for injunctive relief should be and the same is hereby denied.

SO ORDERED.

Footnote:
1. Wright and Miller, Federal Practice and Procedure, Vol. II §2940, p. 430 and 431.